**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50445 |
| Plaintiff - Appellee, | D.C. No. 2:90-CR-00613-R-4 |
| v. | |
| LENNY LIZALDE, AKA Leonard L. Lizalde, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 11, 2012
Pasadena, California

Before: EBEL,[**] WARDLAW, and NGUYEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David M. Ebel, Senior Circuit Judge for the Tenth Circuit, sitting by designation.

1

Lenny Lizalde appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 505 to the U.S. Sentencing Guidelines ("Guidelines" or "U.S.S.G."). For the reasons discussed below, we conclude that Mr. Lizalde is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), and accordingly, we affirm the district court's denial of the motion.

Mr. Lizalde was convicted of five narcotics offenses. His Presentence Report ("PSR") provided for a base offense level of 40, based on the amount of drugs involved in the crimes, with a 4-level increase for Mr. Lizalde's role in the offense, leading to a total offense level of 44. The PSR also provided for a criminal history category of I. Mr. Lizalde's total offense level and criminal history category resulted in a life sentence under the Guidelines, which is the sentence that the PSR recommended. But the district court imposed a 300-month sentence, comprised of 240 months for Counts 1-4, to be served consecutively to a term of 60 months for Count 5.

More than 17 years after he was sentenced, Mr. Lizalde filed with the district court, over the course of two years, three motions arguing that his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 505 to the Guidelines, which made changes to the amount of controlled substances

involved in calculating the base level of narcotics offenses contained in U.S.S.G. § 2D1.1. The district court denied all three of these motions. Mr. Lizalde appeals the district court's denial of his third motion.[1]

We have jurisdiction to consider this appeal under 28 U.S.C. § 1291. "[W]e review the discretionary denial of a motion to reduce a sentence under § 3582(c)(2) for abuse of discretion." United States v. Paulk, 569 F.3d 1094, 1095 (9th Cir. 2009) (per curium). But, like all "questions of statutory interpretation and Sentencing Guidelines interpretation," we review de novo "the legal question whether the pertinent guidelines amendment was applicable to the defendant's sentence." Id. (internal citation omitted).

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But there is an exception to this rule.

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] The Government argues that Mr. Lizalde may not appeal the denial of this third motion because he failed to timely appeal the denials of his two prior motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 505. Because we conclude that Mr. Lizalde was not eligible for any sentence reduction under 18 U.S.C. § 3582(c)(2), we do not address whether Mr. Lizalde waived his right to appeal the denial of the third motion.

Id. § 3582(c)(2).  "The Sentencing Commission has issued . . . a policy statement" under 18 U.S.C. § 3582(c)(2) "in the form of U.S.S.G. § 1B1.10."  United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009).

The U.S. Supreme Court has explained that § 3582(c)(2) "establishes a two-step inquiry."  Dillon v. United States, 130 S. Ct. 2683, 2691 (2010).  Under this inquiry, a court must (1) determine the scope of the reduction, if any, authorized by § 1B1.10, and then (2) consider whether the authorized reduction is warranted according to the applicable § 3553(a) factors.  Id.  A defendant is not eligible for a sentence reduction under § 3582(c)(2) if, under the first step of the inquiry, such a reduction would be inconsistent with  U.S.S.G. § 1B1.10.  See Leniear, 574 F.3d at 674 (concluding that a "district court did not err in concluding that it lacked jurisdiction . . . to modify [a defendant's] sentence" pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, "[b]ecause Amendment 706 has not lowered the sentencing range applicable to [the defendant], and because reducing his prison term would not be consistent with U.S.S.G. § 1B1.10").

Under the first step prescribed by the Supreme Court, in determining "whether, and to what extent, a reduction in the defendant's term of imprisonment" is warranted, U.S.S.G. § 1B1.10(b)(1) explains that "the court shall determine the amended guideline range that would have been applicable to the defendant if the

4

[relevant] amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." But "[i]n making such determination, the court shall substitute only the [relevant] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

Importantly, "the court shall <u>not</u> reduce the defendant's term of imprisonment . . . to a term that is <u>less</u> than the minimum of the amended guideline range."[2] <u>Id.</u> § 1B1.10(b)(2) (emphasis added). Indeed, the application note to § 1B1.10(b)(2) clarifies that "the amended guideline range determined under subsection (b)(1) . . . limit[s] the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement," whether the term of imprisonment imposed was within or outside of the Guideline range applicable to the defendant at the time of sentencing. <u>Id.</u> § 1B1.10 cmt. n.3.

Following Mr. Lizalde's sentence, Amendment 505 changed the base

---

[2] There is an exception to this limitation. A defendant may receive a sentence reduction below the amended Guideline range only if the defendant originally received a sentence lower than the applicable Guideline range because of "substantial assistance to authorities," in which case a comparable reduction "may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). There is no indication that Mr. Lizalde received a sentence below the original Guideline range because of substantial assistance to authorities; thus, this exception is not applicable.

offense level for different quantities of cocaine, as set forth in U.S.S.G. § 2D1.1.

For Mr. Lizalde's offenses, this amendment results in a base offense level of 38

instead of 40. With the 4-level adjustment for Mr. Lizalde's role in the offense, his

total offense level would be 42, while the criminal history category of I would

remain the same. After substituting Amendment 505 "for the corresponding

guideline provisions that were applied when the defendant was sentenced and . . .

leav[ing] all other guideline application decisions unaffected," U.S.S.G. §

1B1.10(b)(1), the amended Guideline range would be 360 months to life.[3]

Because Mr. Lizalde's sentence is already less than the amended Guideline

range, any further reduction in his sentence would be inconsistent with U.S.S.G. §

1B1.10(b)(2) and 18 U.S.C. § 3582(c)(2).

**AFFIRMED.**

---

[3] Mr. Lizalde argues that, because his amended base offense level would be 38, that the amended Guideline range would be 235–293 months. But Mr. Lizalde provides us with no basis to disregard the 4-level adjustment for his role in the offense. Indeed, such an approach would directly conflict with U.S.S.G. § 1B1.10(b)(1), which requires the court to "leave all other guideline application decisions unaffected" when calculating the amended Guideline range.