**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

EDMUND CLINTON DAVIS, JR.,
AKA E,

*Defendant-Appellant.*

No. 12-50522

D.C. No.
2:08-cr-00808-
TJH-1

OPINION

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Senior District Judge, Presiding

Argued and Submitted
December 5, 2013—Pasadena, California

Filed January 14, 2014

Before: William C. Canby, Jr., Paul J. Watford,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Canby

## SUMMARY[*]

### Criminal Law

Affirming the district court's denial of a motion to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), the panel held that an amended policy statement, USSG Manual § 1B1.10(b), which generally prohibits a court from reducing a sentence to a term that is less than the minimum of the amended guidelines range, does not exceed the Sentencing Commission's authority and does not violate the separation of powers doctrine.

### COUNSEL

Davina T. Chen, Deputy Federal Public Defender, Glendale, California, for Defendant-Appellant.

Edward E. Alon and Joshua A. Klein (argued), Assistant United States Attorneys, Los Angeles, California, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

CANBY, Circuit Judge:

Defendant Edmund Clinton Davis, Jr., appeals the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court held that the Sentencing Commission's Policy Statement § 1B1.10(b) precluded a sentence reduction because Davis had already received a sentence below the minimum of the amended guidelines range. Davis argues that § 1B1.10(b) exceeds the Commission's statutory authority and violates the separation of powers doctrine. Our review is de novo, *see United States v. Kuchinski*, 469 F.3d 853, 857 (9th Cir. 2006); *United States v. Booten*, 914 F.2d 1352, 1354 (9th Cir. 1990), and we affirm.

## BACKGROUND

In 2008, Davis pleaded guilty to one count of distributing more than five grams of a mixture or substance containing crack cocaine and one count of being a felon in possession of a firearm. Davis's base offense level was 30, and various adjustments resulted in an adjusted offense level of 29. With a criminal history category of IV, Davis's guidelines range was 121 to 151 months. The district court, however, imposed a sentence of 70 months based on Davis's difficult childhood and his commitment to turning his life around.

In 2012, Davis filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). That statute authorizes a reduction of a sentence when the Commission has subsequently lowered an applicable guideline range, but only if "such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission." *Id.* Under a guidelines amendment promulgated pursuant to the Fair Sentencing Act of 2010, Davis's base offense level had been reduced to 26, resulting in an amended guidelines range of 84 to 105 months. Davis sought to reduce his sentence from 70 months to 60 months, the mandatory minimum for his offense.

Section 1B1.10(b)(2)(A) provides that the court may not reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guidelines range. U.S. Sentencing Guidelines ("USSG") Manual § 1B1.10(b)(2)(A) (2012). Davis was already serving a 70-month sentence, fourteen months below the 84-month minimum of his amended guidelines range. The district court accordingly denied Davis's motion.

Davis appeals, arguing that § 1B1.10(b) exceeds the Commission's authority and violates the separation of powers doctrine.

## DISCUSSION

Congress passed the Fair Sentencing Act ("FSA") in order to "restore fairness to Federal cocaine sentencing." Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The FSA changed the threshold quantities of crack cocaine needed to trigger mandatory minimum sentences and gave the Commission the authority to amend the guidelines to reflect these changes. *Id.* §§ 2, 8. Pursuant to this authority, the Commission promulgated Amendment 750, which reduced the base offense levels for certain crack-cocaine-related offenses. USSG Manual app. C, amend. 750 (2011). The Commission then gave Amendment 750 retroactive effect.

USSG Manual app. C, amend. 759 (2011). As a result of these amendments, Davis's guidelines range was reduced from 121 to 151 months to 84 to 105 months.

The Commission also amended its policy statement applicable to sentence reduction proceedings. USSG Manual app. C, amend. 759 (2011). The previous version of § 1B1.10(b) permitted defendants who received a below-guidelines departure or variance during an original sentencing proceeding to receive a comparable reduction below the new guidelines range in a § 3582(c)(2) sentence reduction proceeding. USSG Manual § 1B1.10(b)(2) (2010). The current version, however, prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range, except in the case of a defendant who originally received a below-guidelines sentence based on substantial assistance to the government. USSG Manual § 1B1.10(b) (2012).

Davis's primary contention—that amended § 1B1.10(b) exceeds the Commission's statutory authority—is foreclosed by *United States v. Tercero*, 734 F.3d 979 (9th Cir. 2013). In *Tercero*, we rejected several challenges to amended § 1B1.10(b), including the contention that it conflicts with the statute that authorizes the Commission to apply guidelines amendments retroactively. *Id.* at 983; 28 U.S.C. § 994(u). We held that "the revisions to § 1B1.10 fall squarely within the scope of Congress's articulated role for the Commission." *Id.* at 983–84.

We note as well that all of the other circuits to have addressed this question have held that the Commission acted within its authority in amending § 1B1.10(b). *See United States v. Hogan*, 722 F.3d 55, 60 (1st Cir. 2013); *United*

*States v. Erskine*, 717 F.3d 131, 136–38 (2d Cir. 2013); *United States v. Colon*, 707 F.3d 1255, 1259–60 (11th Cir. 2013); *United States v. Berberena*, 694 F.3d 514, 520–23 (3d Cir. 2012); *United States v. Anderson*, 686 F.3d 585, 589–90 (8th Cir. 2012). We accordingly reject Davis's argument that the amendment of § 1B1.10(b) exceeded the Commission's statutory authority.

We also reject Davis's contention that amended § 1B1.10(b) conflicts with Congress's directive that the Commission promulgate policy statements that will further the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). 28 U.S.C. § 994(a)(2) (outlining the Commission's duties). These purposes include deterrence, protection of the public, rehabilitation, and the need to reflect the seriousness of the offense. 18 U.S.C. § 3553(a)(2). The plain language of § 994(a)(2) grants the Commission discretion to determine which rules may further the purposes of sentencing. *See* 28 U.S.C. § 994(a)(2) (stating that the Commission shall promulgate policy statements that "in the view of the Commission" would further the purposes of sentencing). In adopting revised § 1B1.10(b), the Commission sought to avoid undue complexity and litigation and to promote uniformity in sentences. USSG Manual app. C, amend. 759 (2011). The Commission was also concerned that retroactively amending the guidelines could result in a windfall for defendants who had already received a departure or variance, especially one that took into account the disparity in treatment between powder and crack cocaine that the FSA sought to correct. *United States v. Montanez*, 717 F.3d 287, 294 (2d Cir. 2013) (citing 76 Fed. Reg. 24960, 24973 (May 3, 2011)). In the Commission's view, prohibiting reductions below the amended guidelines range except in the case of substantial assistance to the government struck the

appropriate balance. The Commission did not exceed its discretionary authority in making this policy judgment. *See* 18 U.S.C. § 994(a)(2); *Montanez*, 717 F.3d at 294–95.

Finally, we reject Davis's contention that amended § 1B1.10(b) violates the separation of powers doctrine because it requires the district court to rescind a previously granted departure or variance. First, there has been no such rescission in fact: Davis retains the benefit of his original variance that resulted in a 70-month sentence. *See Colon*, 707 F.3d at 1260. Moreover, as a doctrinal matter the Supreme Court rejected a separation of powers challenge to the Commission's structure and authority in *Mistretta v. United States*, 488 U.S. 361, 412 (1989), and Davis offers no compelling reason to depart from the logic of *Mistretta*.

All of the circuit courts to have addressed this question have held that the amended § 1B1.10(b) does not offend separation of powers principles. *See, e.g.*, *Erskine*, 717 F.3d at 139–40; *Colon*, 707 F.3d at 1260–61; *Berberena*, 694 F.3d at 525–26; *Anderson*, 686 F.3d at 590–91. These holdings rest on two primary rationales, each of which we find persuasive. First, the Supreme Court in *Mistretta* upheld the Commission's power to restrict the courts' sentencing discretion even at a time when the Guidelines were deemed to be mandatory. *See Mistretta*, 488 U.S. at 395; *Berberena*, 694 F.3d at 526. Subsequently, the Court rendered the guidelines advisory rather than mandatory in *United States v. Booker*, 543 U.S. 220 (2005), but that decision was not based on a violation of the separation of powers. *Mistretta*'s broad view of the powers of the Commission remains, and is particularly supportable here in light of the narrow scope of § 3582(c)(2) proceedings, which are not plenary

resentencings.  *See Dillon v. United States*, 130 S. Ct. 2683, 2690–91 (2010); *Erskine*, 717 F.3d at 140.

Second, "the scope of judicial discretion with respect to a sentence is subject to congressional control."  *Mistretta*, 488 U.S. at 364.  Congress vested the Commission with the power to issue policy statements regarding the appropriate use of § 3582(c)(2) proceedings, and Congress bound the courts to those policy statements by requiring that any sentence reduction be consistent with applicable policy statements.     28   U.S.C.   §   994(a)(2)(C);   18   U.S.C. § 3582(c)(2); *see Erskine*, 717 F.3d at 139 (citing *Berberena*, 694   F.3d   at   525).     Although   the   Commission   crafted § 1B1.10(b), it is Congress that has made policy statements available as a general matter and binding on the courts. *Erskine*, 717 F.3d at 139.  Section 1B1.10(b) does not offend separation of powers principles because it is simply the result of an exercise of Congress's power to control the scope of judicial discretion regarding sentencing.

**AFFIRMED.**