# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 7, 2014      Decided February 28, 2014

No. 13-3015

UNITED STATES OF AMERICA,
APPELLEE

v.

CARL MICHAEL TAYLOR,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:06-cr-00171-1)

*Tony Axam Jr.*, Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was *A.J. Kramer*, Federal Public Defender.

*Sarah G. Boyce*, Attorney, U.S. Department of Justice, argued the cause for appellee. With her on the brief were *Ronald C. Machen* Jr., U.S. Attorney, and *Elizabeth Trosman* and *Elizabeth Danello*, Assistant U.S. Attorneys. *SuzAnne C. Nyland*, Assistant U.S. Attorney, entered an appearance.

Before: GARLAND, *Chief Judge*, SRINIVASAN, *Circuit Judge*, and SILBERMAN, *Senior Circuit Judge*.

2

Opinion for the Court filed PER CURIAM.

PER CURIAM: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," Congress has authorized the sentencing court to "reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In January 2009, appellant Carl Taylor was sentenced to 180 months in prison for conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. In November 2011, the U.S. Sentencing Commission gave retroactive effect to an amendment to the U.S. Sentencing Guidelines lowering base offense levels for offenses involving crack cocaine. Shortly thereafter, Taylor moved the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

The district court denied Taylor's motion. It did so on the ground that it was bound by U.S.S.G. § 1B1.10(b)(2)(A), a Sentencing Commission policy statement, which provides that, except in a circumstance not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." Because the lower bound of the applicable amended range was 188 months, greater than Taylor's original 180-month sentence, no reduction was available. The district court also rejected Taylor's arguments that § 1B1.10(b)(2) is invalid because it was promulgated without notice and comment as allegedly required by the Sentencing Reform Act of 1984 (SRA), 18 U.S.C. §§ 3551 *et seq.*, 28 U.S.C. §§ 991 *et seq.*, and because it violated nondelegation and separation of powers principles.

Taylor then filed the instant appeal, raising the same contentions that he advanced in the district court. All seven circuit courts that have considered similar challenges have upheld § 1B1.10 as a lawful exercise of the Sentencing Commission's powers. *See generally United States v. Davis*, 739 F.3d 1222 (9th Cir. 2014); *United States v. Erskine*, 717 F.3d 131 (2d Cir. 2013); *United States v. Colon*, 707 F.3d 1255 (11th Cir. 2013); *United States v. Berberena*, 694 F.3d 514 (3d Cir. 2012); *United States v. Harris*, 688 F.3d 950 (8th Cir. 2012); *United States v. Anderson*, 686 F.3d 585 (8th Cir. 2012); *United States v. Horn*, 679 F.3d 397 (6th Cir. 2012); *United States v. Garcia*, 655 F.3d 426 (5th Cir. 2011). We now do the same.

Taylor first argues that § 1B1.10(b)(2)(A) is invalid under the SRA because it is binding on courts and was not promulgated through notice-and-comment procedures. The SRA, however, requires such procedures only for sentencing guidelines. 28 U.S.C. § 994(x). Because the challenged provision is a policy statement, not a guideline, the SRA's notice-and-comment requirement does not apply. *See id.* Recognizing this problem, Taylor further argues that the Sentencing Commission cannot *bind* courts in sentence reduction proceedings through a policy statement; a binding pronouncement must be a guideline, he says, and therefore must go through notice and comment.

But the language of the SRA says just the opposite. The SRA expressly provides that policy statements, not guidelines, govern sentence reduction proceedings under 18 U.S.C. § 3582(c). *See* 28 U.S.C. § 994(a)(2)(C). Moreover, § 3582(c)(2) itself states that a court may reduce a defendant's sentence in such a proceeding only to the degree that the "reduction is consistent with applicable policy statements issued by the Sentencing Commission," rendering such policy

statements binding. The SRA further requires that, where sentencing guidelines have been lowered, the Sentencing Commission "shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment . . . may be reduced." 28 U.S.C. § 994(u). This necessarily implies that the Commission will also define the circumstances in which sentences *may not* be reduced, again compelling the conclusion that Congress expected -- indeed, required -- that binding policy statements would govern sentence reduction proceedings. *See generally Dillon v. United States*, 560 U.S. 817 (2010).

Taylor next raises two constitutional concerns. First, he contends, albeit inconsistently, that Congress did not lay down an "intelligible principle" to guide the Commission's promulgation of § 1B1.10, and that it thus effected an invalid delegation of legislative power. He concedes, as he must, that *Mistretta v. United States*, 488 U.S. 361 (1989), held that Congress did validly delegate authority to the Commission to promulgate the U.S. Sentencing Guidelines as a whole. Oral Arg. Recording at 14:40-46; *see Mistretta*, 488 U.S. at 374-79 (holding that Congress articulated intelligible principles in delegating authority to the Commission to regulate sentencing). But he contends that the specific area of resentencing proceedings remains without sufficient guidance. We disagree. Given the overall constitutionality of the Sentencing Guidelines scheme, and given that § 1B1.10 governs its application in only the narrow context of 18 U.S.C. § 3582(c)(2) sentence reduction proceedings, § 1B1.10 is also an exercise of validly delegated authority. *See also* 28 U.S.C. § 994(a)(2) (authorizing the Sentencing Commission to promulgate policy statements that "further the purposes set forth in section 3553(a)(2) of title 18").

Second, Taylor argues that the Commission's promulgation of a binding policy statement without notice and comment

violates the constitutional principle of separation of powers. For this, he relies on the fact that *Mistretta*, in the course of upholding the constitutionality of the SRA, noted the Act's notice-and-comment requirement for guidelines. *Mistretta*, 488 U.S. at 394. But the fact that guidelines are subject to notice-and-comment procedures was but one of three reasons the Supreme Court gave for finding that the Commission is not a court and does not exercise judicial power, which in turn was but one of several sets of reasons it gave for finding that the Commission's location in the judicial branch does not undermine the integrity of that branch or expand the power of the judiciary beyond constitutional bounds. *Id.* at 393-97. Nothing in *Mistretta* suggested that notice-and-comment procedures are essential to the constitutionality of the Sentencing Guidelines scheme as a whole, let alone to the constitutionality of policy statements applicable to sentence reduction proceedings.

Because § 1B1.10(b)(2)(A) bars sentence reductions below the applicable amended guideline range, and because Taylor's sentence was already below that range, the district court properly held that a reduction in his sentence was unavailable. Rejecting Taylor's challenges to the validity of § 1B1.10(b)(2)(A), we affirm the judgment of the district court.

*So ordered.*