[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16212
Non-Argument Calendar
_____

D.C. Docket No. 5:92-cr-00076-CAR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLTON BERNARD JOHNSON,
a.k.a. Nard,
a.k.a. Little Man,
a.k.a. Hole in Throat,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(March 20, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Carlton Bernard Johnson, a federal prisoner proceeding *pro se*, appeals the denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). He argues the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, required the district court to resentence him to rectify the disparity between powder-cocaine sentences and his crack-cocaine sentence. We affirm.

We review *de novo* a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009). Under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are narrow. *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012). For a defendant to be eligible for this reduction, the Sentencing Commission must have amended the Sentencing Guidelines, that amendment must have lowered the defendant's sentencing range, and the amendment also must be listed in U.S.S.G. § 1B1.10(c). 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & cmt. n.1(A). In evaluating whether a reduction is warranted, the district court determines the Guidelines range that would have been applicable had the relevant

2

amendment been in effect at the time of the defendant's sentencing.  U.S.S.G. § 1B1.10(b)(1).  The district court can substitute only the relevant amendment in its original Guidelines calculation and must leave all other Guidelines application decisions unaffected.  *Id.*; *United States v. Bravo,* 203 F.3d 778, 780 (11th Cir. 2000).

Amendment 750 to the Sentencing Guidelines, made retroactive by Amendment 759, lowered the sentencing range applicable to crack-cocaine crimes by revising the crack-cocaine quantity tables listed in § 2D1.1(c).  U.S.S.G. App. C, amend. 750, 759.  Section 2D1.1(c) now assigns a base offense level of 36 in cases involving at least 2.8 kilograms, but less than 8.4 kilograms, of crack cocaine.  U.S.S.G. § 2D1.1(c)(2).  It assigns a base offense level of 38, the highest offense level possible, in cases involving 8.4 kilograms or more of crack cocaine.  U.S.S.G. § 2D1.1(c)(1).

Although Amendment 750 can be a basis for a sentence reduction under § 3582(c)(2), "the FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction." *Berry*, 701 F.3d at 376–77.  Moreover, the FSA does not apply retroactively to convicted defendants sentenced prior to the Act's August 3, 2010, date of enactment.  *Id.* at 377.

3

Johnson relies almost exclusively on the FSA.  Because the FSA cannot serve as a basis for a § 3582(c)(2) sentence reduction, his argument fails.  *See Berry*, 701 F.3d at 376–77.  To the extent that Johnson relies on Amendment 750, his argument also fails.  When Johnson originally was sentenced, he had a total offense level of 41 and a criminal history category of VI, which resulted in a Guidelines range of 360 months to life.[1]  Under § 2D1.1(c)(1) of the current version of the Guidelines, Johnson's Guidelines range is also 360 months to life.  Assuming Johnson possessed at least 2.8, but not more than 8.4, kilograms, of crack cocaine, his base offense level would have been 36.[2]  U.S.S.G. § 2D1.1(c)(2) (2012).  Leaving the other Guidelines application decisions intact, Johnson's total offense level would have been 37.  A total offense level of 37 and criminal history category of VI under the amended Guidelines yield a sentencing range of 360 months to life.  U.S.S.G. Ch. 5, Pt. A, Sentencing Table (2012).  Because Amendment 750 does not alter the sentencing range upon which Johnson's sentence was based, § 3582(c)(2) does not authorize a reduction in his sentence.  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).

---

[1] For purposes of § 3582(c)(2) motions, the Guidelines range to which the amendment should be applied is the original range determined before any departures or variances.  *See* U.S.S.G. § 1B1.10, cmt. n.1(A).  Johnson's departure for substantial assistance under Fed. R. Crim. P. 35(b) is not relevant to the Guidelines range to which the amendment is applied.

[2] Johnson's plea agreement contained a stipulation of facts, in which he agreed he had obtained at least 5, but not more than 15, kilograms of crack cocaine.  Even giving Johnson the benefit of the lower amount of crack cocaine, he is not entitled to a sentence reduction.

Other claims Johnson asserts, such as whether the district court broke a promise to resentence him after the passage of the FSA, are not proper in a § 3582(c)(2) proceeding, because they do not involve retroactive amendments to the Guidelines.  Accordingly, the district court did not err in denying Johnson's § 3582(c)(2) motion.

**AFFIRMED.**