FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50396 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00322-R-1 |
| v. | |
| DASHON LAVAR RICHARDSON, AKA Capone, AKA J, AKA Jay, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted April 9, 2014[**]
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Dashon Richardson appeals the district court's order denying his motion for appointment of counsel in connection with his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). We affirm the district court's ruling.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"[T]he Supreme Court has held . . . that the constitutional right to counsel extends only through the defendant's first appeal. After that, the decision whether to appoint counsel rests in the discretion of the district court." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)). Accordingly, Richardson is not entitled to counsel under the Sixth Amendment. *Id.* at 512–13.

Nor is Richardson entitled to counsel under the Due Process Clause. The right to counsel in post-conviction proceedings, even those which touch on a significant liberty interest, is considered on a "case-by-case" basis, taking into consideration "the peculiarities of particular cases." *Gagnon v. Scarpelli*, 411 U.S. 778, 788–89 (1973). Richardson's particular circumstances, however, "presented no specially troublesome points of law, either procedural or substantive." *Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 32 (1981).

All of the arguments Richardson claims he could have presented with the benefit of counsel have either been squarely rejected or severely undermined. *See United States v. Davis*, 739 F.3d 1222, 1225–26 (9th Cir. 2014) (Separation of Powers argument); *Peugh v. United States*, 133 S. Ct. 2072 (2013) and *United States v. Johns*, 5 F.3d 1267 (9th Cir. 1993) (Ex Post Facto Clause argument); *United States v. Pleasant*, 704 F.3d 808, 811 (9th Cir. 2013), *cert denied*, 134 S.

Ct. 824 (2013) (interpreting *Freeman v. United States*, 131 S. Ct. 2685 (2011)); *United States v. Tercero*, 734 F.3d 979, 981–84 (9th Cir. 2013) (rejecting argument that U.S.S.G. § 1B1.10 conflicts with the Fair Sentencing Act and holding that Administrative Procedure Act's arbitrary and capricious standard did not apply to promulgation of § 1B1.10). Accordingly, the district court's decision not to appoint counsel for Richardson did not violate his Due Process rights.

Richardson also contends that the district court was unaware that it had the discretion to appoint counsel, and he asks us to remand his case for further consideration. Absent a contrary indication, we "assume that the district court knows and applies the law correctly" when it has the power to make discretionary rulings. *See, e.g.*, *United States v. Garcia-Garcia*, 927 F.2d 489, 491 (9th Cir. 1991). The district court's order, which noted that Richardson was not "entitled to appointed counsel," does not indicate that the district court failed to appreciate its power to appoint counsel.

**AFFIRMED.**