**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30032 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00080-TJH |
| v. | |
| NOE MUNGUIA-DIAZ, a.k.a. Juan Ernesto Medina-Munguia, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Terry J. Hatter, Jr., District Judge, Presiding[**]

Submitted June 22, 2015[***]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Noe Munguia-Diaz appeals from the district court's judgment and

challenges the 144-month sentence imposed following his bench-trial conviction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Terry J. Hatter, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

for seven counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and two counts of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Munguia-Diaz contends that but for ineffective assistance of counsel during the plea bargain stage, he would have entered a plea agreement and received a less severe sentence. We decline to consider Munguia-Diaz's claim of ineffective assistance on direct appeal because the record is not sufficiently developed to permit review, and counsel's representation was not so inadequate that it obviously denied Munguia-Diaz his Sixth Amendment right to counsel. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

Munguia-Diaz also contends that his sentence should be vacated and the case remanded for resentencing in light of Amendment 782 to the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2). Because Munguia-Diaz's 144-month sentence is lower than the bottom of the new sentencing range, he is not eligible for a reduction. *See* U.S.S.G.§ 1B1.10(b)(2)(A) (the court shall not reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range).

**AFFIRMED.**

14-30032