**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Humberto GONZALEZ, Jr., Defendant.**

**CASE NO. 10CR1009–LAB**

United States District Court,
S.D. California.

Signed August 11, 2015

US Attorney CR, US Attorneys Office, Southern District of California, San Diego, CA, for Plaintiff.

Robert R. Henssler, Jr., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant.

## ORDER DENYING JOINT MOTION FOR SENTENCING REDUCTION PER USSG AMENDMENT 782 AND 18 U.S.C. § 3582(c)(2)

LARRY ALAN BURNS, United States District Judge

### Preliminary Statement

The parties have filed a Joint Application for Sentencing Reduction in this case pursuant to Amendment 782 of the United States Sentencing Guidelines and the provisions of 18 U.S.C. § 3582(c)(2). Amendment 782 lowered the Base Offense Level for most federal drug offenses, including the two offenses of which the defendant, Humberto Gonzalez, was convicted. Another Guidelines Amendment made the reduced sentencing ranges retroactive. *See* Amendment 788 (amending Guidelines § 1B1.10). Gonzalez stands to benefit from the changes if he is eligible for relief. The parties maintain that he is, but the Court finds he is not.

### Eligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2)

A court must follow two steps in considering a motion to reduce a sentence under § 3582(c)(2). First, it must determine whether a defendant is eligible for a sentence reduction under the Sentencing Commission's policy statement in USSG § 1B1.10. Second, it must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. *United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir.2013).

The United States Sentencing Commission has imposed restrictions on a court's ability to retroactively reduce a sentence, and courts must abide by them. In particular, courts must follow applicable Policy Statements of the Sentencing Commission when giving effect to retroactive changes to the Guidelines. 18 U.S.C. § 3582(c)(2); *Dillon v. United States,* 560 U.S. 817, 821, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) ("Any reduction [based on a retroactive change to the Guidelines] must be consistent with applicable policy statements issued by the Sentencing Commission."). Two Policy Statements are pertinent here.

■ First, the Commission has decreed that a court may not reduce a defendant's sentence to a term less than the low end of the amended Guideline range. USSG § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range …"). Second, and important to this case, the Commission has determined that the amended Guideline range is to be calculated without regard to any departure or variance that the defendant originally received, other than one for Substantial Assistance under § 5K1.1. *See* USSG § 1B1.10, *comment,* (n.1 (A)) (new Guideline range is to be determined "before consideration of any departure provision in the Guidelines Manual or any variance"); *comment.* (n.3) (making clear that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the court's original sentence was outside the Guideline range owing to a departure or variance other than for substantial assistance). In other words, a court must back out from the calculation of the amended Guideline sentence range any departure or variance that was given previously, except for a Substantial Assistance departure.[1] *See United States v. Davis,* 739 F.3d 1222, 1225–26 (9th Cir.2014) (interpreting application of § 1B1.10 to revised crack cocaine Guideline); *United States v. Pleasant,* 704 F.3d 808, 812 (9th Cir.2013) (amended Guideline range "is derived pre-departure and pre-variance"); *United States v. Mungia–Diaz,* 606 Fed. Appx. 385, 386 (9th Cir.2015) (applying § 1B1.10 to Amendment 782); *United States v. Gutierrez–Zuniga,* 2015 U.S. Dist. LEXIS 97014, at *3, 8, and n. 2 (S.D.Cal. July 24, 2015) (same); *United States v. Gonzalez–Rodriguez,* 114 F.Supp.3d 1063, 1064–65, 2015 WL 4235363, at *1 and n. 2, 2015 U.S. Dist. LEXIS 88881, at *2–3 and n. 2 (S.D.Cal. July 8, 2015) (same).

The Court originally calculated Gonzalez's Guidelines as follows:

| | |
|---|---|
| Base Level: | **38** |
| Specific Offense Characteristic (§ 2D1.1(b)(4)): | **+2** |
| Acceptance of Responsibility downward adjustment (§ 3E1.1(a)(b)): | **-3** |
| Fast Track departure (§ 5K3.1): | **-2** |
| Voluntary Disclosure Departure (§ 5K2.16): | **-4** |

---

1. A prior version of § 1B1.10 was different. It provided that, if the defendant originally received a below-Guidelines departure or variance, a comparable departure "may be appropriate" when granting a sentence reduction under § 3582(c)(2), while a comparable variance "generally would not be appropriate." *See* USSG § 1B1.10(b)(2)(B) (2010). But in 2011, the Sentencing Commission abandoned the distinction between departures and variances, finding that it was "difficult to apply" and "prompted litigation." *See* Notice of Final Action Regarding Amendment to Policy Statement 1B1.10, 76 Fed.Reg. 41332, 41332, 41334 (July 13, 2011). In the new (and current) version of USSG § 1B1.10, the Commission imposed a "single limitation applicable to both departures and variances" that it believed would "avoid unwarranted sentencing disparities" and "undue complexity and litigation." *Id.* The single exception is for Substantial Assistance departures. *See* USSG § 1B1.10(b)(2)(B) (2011). The Court must apply the current version of the Guidelines in deciding this motion. *Id., comment.* (n.8).

His Adjusted Offense Level was 31, and with a Criminal History Category of VI, his advisory Guideline range was 188–235 months. The Court chose not to vary from the Guideline range, but did impose a low end sentence of 188 months. The Court later granted the Government's motion under Fed. R. Crim. P. 35 to reduce the defendant's sentence by 80 months to 108 months. Gonzalez is currently serving that reduced sentence.

Under the amended Guidelines, Gonzalez receives a 2–point reduction from his original Base Offense Level, but that credit is offset because the 2–level Fast Track departure and the 4–level Voluntary Disclosure departure that the Court originally granted no longer count:

| | |
|---|---|
| Base Level: | **36** |
| Specific Offense Characteristic (§ 2D1.1(b)(4)): | **+2** |
| Acceptance of Responsibility downward adjustment (§ 3E1.1(a)(b)): | **-3** |
| ~~Fast Track departure (§ 5K3.1):~~ | ~~-2~~ |
| ~~Voluntary Disclosure departure (§ 5K2.16):~~ | ~~-4~~ |

Gonzalez's new Adjusted Offense Level is 35, his Criminal History Category remains at VI, and his sentencing range *increases* to 292–365 months—higher than his original range of 188–235 months. Because the low end of the amended Guidelines range is higher than Gonzalez's original sentence, he is ineligible for a sentence reduction under Amendment 782. USSG § 1B1.10(b)(2)(A).[2] In recommending a further reduction of Gonzalez's sentence to 88–months, the Joint Application either overlooks or ignores the applicable Policy Statements.[3]

2. The Policy Statements don't contain guidance on whether a subsequent reduction of a defendant's sentence *pursuant to Rule 35* should be included in the calculation of the defendant's original Base Offense Level or, alternatively, should be factored into the re-calculation of the defendant's amended Base Offence Level. One way or the other, it seems equitable and right under § 3582(c)(2) for a defendant to get credit when the Rule 35 reduction is predicated on Substantial Assistance, as it was here. However, the Court need not decide how to credit the previous 80–month reduction of Gonzalez's sentence because regardless of whether it's credited in the original or amended Guideline calculations, it doesn't affect his eligibility for a further retroactive sentence reduction. That is, regardless of the 80–month Rule 35 reduction, Gonzalez's amended Guideline sentencing range remains higher than his original sentencing range because other non-qualifying departures for Fast Track and Voluntary Disclosure are not counted as part of the amended range.

3. This oversight—particularly on the part of the Government—is curious inasmuch as every circuit to consider § 1B1.10 has determined that only Substantial Assistance departures count in the Amended Guideline calculations. *See, United States v. Hogan,* 722 F.3d 55, 62 (1st Cir.2013); *United States v. Erskine,* 717 F.3d 131 (2d Cir.2013); *United States v. Berberena,* 694 F.3d 514, 518–19 (3d Cir.2012); *United States v. Diggs,* 768 F.3d 643, 646 (7th Cir.2014); *United States v. Anderson,* 686 F.3d 585, 588 (8th Cir. 2012); *United States v. Colon,* 707 F.3d 1255, 1258 (11th Cir.2013). *See also United States v. Lizalde,* 502 Fed.Appx. 655, 657 n. 2 (9th Cir.2012); *United States v. Valdez,* 492 Fed. Appx. 895, 898 (10th Cir.2012); *United States v. Johnson,* 560 Fed.Appx. 859, 861 n. 1 (11th Cir.2014). More curious still is that the Government acknowledged this consensus viewpoint in its opposition to another § 3582(c)(2) motion that was recently filed in this district. *See United States v. Castagnola,* 2015 U.S. Dist. LEXIS 97104, at *3 (S.D.Cal. July 24, 2015) (denying § 3582(c)(2) relief and agreeing with Government's argument that because original departure was for, *inter alia,* Fast Track, it doesn't count "under § 1B1.10(b), [and] Defendant is not entitled

### § 3553(a) Analysis

 As a separate and alternative basis for its ruling, the Court denies the Joint Application for Sentencing Reduction because it finds that any further reduction of the defendant's sentence is inequitable and unwarranted. The Court reaches this conclusion after reconsidering all of the relevant § 3553(a) factors. *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). They include: the nature and circumstances of the offense, and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

The offense here was serious. Gonzalez was apprehended at the San Ysidro border trying to smuggle about 3 kilograms of methamphetamine and 11 kilograms of cocaine into the United States. He had taped the methamphetamine to his abdomen, and hidden the cocaine in special compartments that were retrofitted in the floorboard of his car. After he was arrested, Gonzalez waived his rights and admitted that he had been smuggling methamphetamine and cocaine into the U.S. for three months before getting caught. He didn't say how many drug loads he had smuggled, but later he told a probation officer that he did it "two or three times."

The reality is that Gonzalez had been smuggling drugs for a long time. In 1994, for example, he was caught at the San Clemente checkpoint with 89 kilograms of marijuana. He told the arresting agents he had been hired to transport the marijuana from El Centro to Los Angeles, and that he was being paid $1000. He pled guilty to possessing marijuana with intent to distribute, and was sentenced to 46 months in federal prison.

In 1997, he got caught trying to bring 145 kilograms of marijuana into the United States at the Calexico border. He tried to run back into Mexico when the drugs were discovered, but didn't make it. He initially gave the agents a false name, but eventually admitted who he was and what he was doing. His financial incentive had increased since 1994—he was being paid $2000 for this load. He was sentenced to 21 months in federal prison.

He smuggled drugs again in 2001. On this occasion, he was caught trying to come through the Calexico border with 45 kilograms of marijuana. He had hidden the drugs in secret compartments in the doors and quarter panels of the car. He pled guilty and was sentenced to 37 months in federal prison.

Under § 3553(a)(1), the Court finds that Gonzalez's criminal record is extensive and increasing in seriousness. Where before he had smuggled marijuana, he graduated in this case to smuggling large quantities of much more highly-addictive, destructive drugs. Although he admitted that he had previously smuggled two or three loads of methamphetamine and cocaine into the United States, he wasn't prosecuted for them. Instead, the Government gave him a 4–level sentencing concession in this case for owning up to them. Regardless, Gonzalez shares responsibility for the dismal tide of ill effects caused by the drugs he brought into this country. The Court's original sentence of 108 months reflected the aggravated nature of the current offense, as well as Gonzalez's lengthy involvement in drug smuggling. The sentence was proportionate to the harm he caused, and provided just punishment for his repeated criminal conduct,

to any further reductions, and the Court should deny his motion.").

§ 3553(a)(2)(A). The Court also sought to deter him from smuggling drugs in the future by demonstrating that the consequence of his repeated criminal behavior would be increased, rather than decreased, jail time. § 3553(a)(2)(B).[4] Of course, whether this objective will be realized remains to be seen.

The Court has also considered the need to avoid unwarranted sentencing disparities by comparing Gonzalez's sentence to sentences that it has imposed on similarly situated offenders. Considering the type and amount of drug involved here and the defendant's record of recidivism, the Court's original sentence is not disparate. § 3553(a)(6).

Finally, the Court has considered the kinds of sentences available, the revised sentencing range authorized by Amendment 782, and the Policy Statements of the Sentencing Commission. When he was sentenced in 2010, Gonzalez faced a mandatory minimum sentence of 10 years, and a statutory maximum penalty of life in prison. The sentencing concessions the Government offered and Gonzalez received—including the subsequent reduction of his original sentence by 80 months under Rule 35—effectively reduced his sentence to a fraction of the statutory maximum.[5] While sentencing Gonzalez to life in prison would have been excessive, the Court concludes that imposing a 108–month sentence on a four-time convicted drug smuggler, *who faced a sentence of up to life in prison,* was reasonable and remains so. The Court further concludes that reducing Gonzalez's sentence by 20 additional months would be antithetical to other important objectives of sentencing mentioned above.[6]

## Conclusion

For the above reasons, the Joint Application for Sentencing Reduction pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2) is **DENIED.**

**IT IS SO ORDERED.**

---

4. The inconsistent sentences imposed for Gonzalez's previous convictions—first 46 months, then 21 months, then 37 months in prison—obviously didn't deter him from smuggling drugs.

5. The U.S. Sentencing Commission assigns a value of 470 months (39 years and two months) to sentences of life imprisonment for any statistical analysis in which a term of months is required. See U.S. SENT. COMM'N., 2013 SOURCEBOOK OF FEDERAL SENTENCING STATISTICS S–170 (2014). This sentence length is consistent with the average life expectancy of federal criminal offenders. *Id.*

6. The Court acknowledges that it is not permitted to engage in a de novo resentencing in a § 3582(c)(2) proceeding, USSG. § 1B1.10(a)(3), p.s. ("[P]roceedings under § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."), and is not doing so here. Instead, the Court is merely reevaluating the relevant § 3553(a) factors, including the lower Guideline sentencing range, and determines that any further reduction of Gonzalez's sentence is unwarranted.