**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff - Appellee,<br><br>   v.<br><br>MAYRA EUNICE ARAGON-<br>RODRIGUEZ,<br><br>            Defendant - Appellant. | No. 15-50287<br><br>D.C. No. 3:13-cr-03180-CAB-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted November 19, 2015[**]
Pasadena, California

Before:  PREGERSON, TASHIMA, and CALLAHAN, Circuit Judges.

Mayra Aragon-Rodriguez ("Aragon-Rodriguez") appeals the district court's

denial of her motion to reduce her sentence.  Aragon-Rodriguez pleaded guilty to

importation of cocaine in violation of 21 U.S.C. §§ 952 and 960, and the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court sentenced her to 33 months' imprisonment. On May 29, 2015, Aragon-Rodriguez, through counsel, moved to reduce her sentence under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Commission Guidelines Manual (USSG). The district court denied Aragon-Rodriguez's motion because her original sentence of 33 months was already less than the minimum term of the "amended guideline range" under USSG § 1B1.10(b)(2)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291. *United States v. Dunn*, 728 F.3d 1151, 1155–56 (9th Cir. 2013); *see also United States v. Tercero*, 734 F.3d 979, 980 (9th Cir. 2013). We affirm.

"We review for abuse of discretion a district court's ruling on a motion for reduction of sentence pursuant to § 3582(c)(2)." *Tercero*, 734 F.3d at 981. Underlying questions of law are reviewed de novo. *See United States v. Davis*, 739 F.3d 1222, 1223 (9th Cir. 2014).

In 2014, the United States Sentencing Commission promulgated Amendment 782 to the Guidelines which reduced the base offense levels in the drug quantity table. USSG supp. app. C, amend. 782 (2014). The reduced base offense level in the drug quantity table in turn reduced the sentencing guideline range that the district court uses as a starting point to determine the sentence. The Commission made the reduction in Amendment 782 retroactive in Amendment

2

788. USSG, supp. app. C, amend. 788 (2014). However, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ." USSG § 1B1.10(b)(2)(A). The text, structure, and commentary of the Guidelines as well as supporting case law support the conclusion that the "amended guideline range" does not include departures from the sentencing guidelines, except a departure for substantial assistance to government authorities. *See* USSG §§ 1B1.1(a) & cmt. (n.1(E)), 1B1.10(b) & cmt. (n.3); *Davis*, 739 F.3d at 1224; *Tercero*, 734 F.3d at 981–82; Notice of Final Action Regarding Amendment to Policy Statement 1B1.10, 76 Fed. Reg. 41332, 41334 (July 13, 2011). Thus, the district court properly calculated Aragon-Rodriguez's amended guideline range as 46 to 57 months of imprisonment in her re-sentencing proceeding, and excluded the 4-level fast-track downward departure that the court granted in her original sentencing. Because Aragon-Rodriguez's original 33-month sentence is lower than 46 months, the minimum term in the "amended guideline range," the district court did not err in denying her motion to reduce her sentence. *See* USSG § 1B1.10(b)(2)(A).

**AFFIRMED.**