**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10293 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00104-HG |
| v. | |
| JOE DANIELS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Joe Daniels appeals pro se from the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2).   We have jurisdiction

under 28 U.S.C. § 1291.   We review de novo whether a district court has authority

to modify a sentence under section 3582(c)(2), *see United States v. Leniear,* 574

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

F.3d 668, 672 (9th Cir. 2009), and we affirm.

Daniels contends that the district court erred by relying on the policy statements in U.S.S.G. § 1B1.10 to deny his request for a sentence reduction under Amendment 782 to the Sentencing Guidelines. This claim fails. Contrary to Daniels's contention, the limitations placed on the district court's sentencing discretion by section 1B1.10 do not violate the separation of powers doctrine. *See United States v. Davis,* 739 F.3d 1222, 1225-26 (9th Cir. 2014). Moreover, the district court properly concluded that Daniels is ineligible for a sentence reduction because Amendment 782 did not modify his applicable Guideline range. *See* 18 U.S.C. § 3582(c)(2); *Leniear,* 574 F.3d at 673-74.

Daniels's motion for judicial notice is denied as unnecessary.

**AFFIRMED.**

15-10293