**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10179 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00113-GMN-2 |
| v. | |
| JOSE LOPEZ-BUELNA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted March 12, 2019[**]

Before: LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Jose Lopez-Buelna appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2), *see United States v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

Although the Guidelines range applicable to Lopez-Buelna's offenses was lowered by Amendment 782, because Lopez-Buelna's 240-month sentence is below the minimum of the amended Guidelines range of 324-405 months, the district court correctly concluded that Lopez-Buelna is ineligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."); *United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014). Lopez-Buelna's argument that the district court miscalculated the amended Guidelines range is without merit. Contrary to his assertion, the district court could not revisit the aggravating role enhancement or its drug quantity determination in these section 3582(c)(2) proceedings. *See Dillon v. United States*, 560 U.S. 817, 831 (2010). Moreover, Amendment 794 is not one of the listed amendments under U.S.S.G. § 1B1.10(d) and, therefore, did not provide an independent basis for a sentence reduction under section 3582(c)(2). *See* U.S.S.G. § 1B1.10 cmt. n.1(A).

**AFFIRMED.**

18-10179