NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. WILLIE DWAYNE MICKEY, Defendant - Appellant. | No. 24-6478 D.C. No. 3:15-cr-01201-BTM-1 MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Argued and Submitted November 18, 2025
Pasadena, California

Before: WARDLAW, IKUTA, and MILLER, Circuit Judges.

Willie Dwayne Mickey appeals the denial of his motion for a sentence

reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C.

§ 1291 and affirm.

Neither 18 U.S.C. § 3582(c)(2) nor U.S.S.G. § 1B1.10 violates the

nondelegation doctrine. Congress delegated to the United States Sentencing

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Commission the power to create policy statements that district courts must follow when reducing a defendant's sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Davis*, 739 F.3d 1222, 1226 (9th Cir. 2014). The Commission permissibly exercised that power to create U.S.S.G. § 1B1.10. *See Dillon v. United States*, 560 U.S. 817, 819 (2010). Congress's delegation to the Commission did not violate the nondelegation doctrine because Congress provided a sufficient intelligible principle. *See United States v. Pheasant*, 129 F.4th 576, 579-80 (9th Cir. 2025). Congress dictated how, when, and why the Commission must create policy statements for sentence modification proceedings. 28 U.S.C. § 994(a)(2), (o), (u). This is a sufficient intelligible principle because Congress "provided *some* standard constraining discretion." *Pheasant*, 129 F.4th at 580 (emphasis in original). We therefore reject Mickey's nondelegation challenge to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. *See Mistretta v. United States*, 488 U.S. 361, 374 (1989); *Davis*, 739 F.3d at 1225.[1]

Even after *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), U.S.S.G. § 1B1.10 is binding on district courts because Congress, not the

---

[1] Each of our sister circuits to have confronted the issue has reached the same conclusion. *United States v. Erskine*, 717 F.3d 131, 138–39 (2d Cir. 2013); *United States v. Berberena*, 694 F.3d 514, 525 (3d Cir. 2012); *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011); *United States v. Horn*, 679 F.3d 397, 405 (6th Cir. 2012); *United States v. Anderson*, 686 F.3d 585, 590 (8th Cir. 2012); *United States v. Dryden*, 563 F.3d 1168, 1171 (10th Cir. 2009); *United States v. Taylor*, 743 F.3d 876, 879 (D.C. Cir. 2014) (per curiam).

Commission, made policy statements "binding on the courts." *Davis*, 739 F.3d at 1226. Congress directed courts to make their sentence reductions "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding." *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011).

Neither 18 U.S.C. § 3582(c)(2) nor U.S.S.G. § 1B1.10 intrudes on a core judicial power. Congress may eliminate or limit courts' discretion in sentencing. *See Mistretta*, 488 U.S. at 364; *Chapman v. United States*, 500 U.S. 453, 467 (1991). Here, Congress limited courts' discretion to reduce a defendant's sentence by creating statutory requirements for eligibility and mandating that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). These limitations do not intrude on a core judicial power because "[a] sentencing scheme providing for 'individualized sentences rests not on constitutional commands, but on public policy enacted into statutes.'" *Chapman*, 500 U.S. at 467 (quoting *Lockett v. Ohio*, 438 U.S. 586, 604–605 (1978) (plurality opinion)). The existence of any discretion to reduce a sentence is "not constitutionally compelled" but instead "a congressional act of lenity." *Dillon*, 560 U.S. at 828.

**AFFIRMED**.