NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10273 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00213-RS |
| v. | |
| GENARO GASCA, a.k.a. David Garcia, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Genaro Gasca appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).   We have

jurisdiction under 28 U.S.C. § 1291.   We review de novo whether a district court

has authority to modify a sentence under section 3582(c)(2), *see United States v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

*Leniear,* 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

Gasca contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. The district court properly concluded that Gasca is ineligible for a sentence reduction because his sentence is already at the minimum of the amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range."); *United States v. Davis,* 739 F.3d 1222, 1224 (9th Cir. 2014). We reject Gasca's argument that section 1B1.10(b), as revised by the Sentencing Commission in 2011, violates his right to due process. *See Dillon v. United States*, 560 U.S. 817, 828 (2010) ("[T]he sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled."); *United States v. Tercero*, 734 F.3d 979, 983-84 (9th Cir. 2013) ("[T]he [2011] revisions to § 1B1.10 fall squarely within the scope of Congress's articulated role for the Commission.").

**AFFIRMED.**