FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>ARMANDO PADILLA-DIAZ, AKA<br>Gordo,<br>*Defendant-Appellant.* | No. 15-30279<br><br>D.C. No.<br>3:08-cr-00126-<br>MO-2 |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>JEFFREY ALLEN HECKMAN, JR.,<br>*Defendant-Appellant.* | No. 15-30294<br><br>D.C. No.<br>3:10-cr-00143-<br>MO-1 |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

v.

BERNARDO CONTRERAS GUZMAN,
AKA Chapparito, AKA Chapparo,
AKA Huerro,
        *Defendant-Appellant.*

No. 15-30375

D.C. No.
3:12-cr-00291-
SI-1

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted November 7, 2016
Portland, Oregon

Filed July 5, 2017

Before:  M. Margaret McKeown, William A. Fletcher,
and Raymond C. Fisher, Circuit Judges.

Opinion by Judge W. Fletcher

# SUMMARY[*]

## Criminal Law

The panel affirmed the district court's denials of three defendants' motions for sentence reductions under United States Sentencing Guidelines Amendment 782 and 18 U.S.C. § 3582(c)(2).

Each defendant was denied a reduction based on an application of the Sentencing Commission's Policy Statement § 1B1.10(b)(2)(A), which prohibits courts from reducing a defendant's "term of imprisonment" to "less than the minimum of the amended guideline range," absent circumstances not present here.

The panel rejected the defendants' contention that § 1B1.10(b)(2)(A) conflicts with 28 U.S.C. § 991(b) by nullifying departures and variances from the guideline range that were necessary to meet the statutory mandates of achieving a sentence sufficient but not greater than necessary under 18 U.S.C. § 3553(a).  The panel held that the anomalous result – that sentences initially tailored to avoid unwarranted disparities and to account for individualized circumstances will now converge at the low end of the guideline range – does not create an irreconcilable conflict with § 991(b). The panel explained that § 991(b) is a general statement of the Commission's goals, and that as acts of lenity, § 3582(c)(2) reductions are not constrained by the

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

general policies underlying initial sentencing or even plenary resentencing proceedings.

Rejecting the defendants' contention that § 1B1.10(b)(2)(A) violates the equal protection component of the Fifth Amendment by irrationally denying sentence reductions to offenders who received lower sentences while granting them to those who originally received higher sentences, the panel held that the defendants have not shown that § 1B1.10(b)(2)(A) fails rational basis review.

The panel rejected the contention by two defendants that applying the current version of § 1B1.10 to them violates due process because they entered into their plea agreements prior to its amendment. The panel explained that the defendants' failure to receive a benefit from Amendment 782, which was promulgated after their pleas and is governed by limitations on its sentence reductions, is not the result of a retroactive deprivation of a pre-existing benefit, but rather the result of a prospective grant of a limited benefit.

## COUNSEL

Elizabeth Gillingham Daily (argued), Research and Writing Attorney; Stephen R. Sady, Chief Deputy Federal Public Defender; Office of the Federal Public Defender, Portland, Oregon; Bryan E. Lessley, Assistant Federal Public Defender, Office of the Federal Public Defender, Eugene, Oregon; for Defendants-Appellants.

Kelly A. Zusman (argued), Appellate Chief; Jeffrey S. Sweet, Assistant United States Attorney; Billy J. Williams, United States Attorney; United States Attorney's Office, Portland, Oregon; for Plaintiff-Appellee.

**OPINION**

W. FLETCHER, Circuit Judge:

Armando Padilla-Diaz, Jeffrey Heckman, and Bernardo Contreras Guzman ("Defendants") in these consolidated cases appeal the district courts' denials of their motions for sentence reductions under United States Sentencing Guidelines ("U.S.S.G.") Amendment 782 and 18 U.S.C. § 3582(c)(2). Each defendant was denied a reduction based on an application of the Sentencing Commission's Policy Statement § 1B1.10(b)(2)(A), which prohibits courts from reducing a defendant's "term of imprisonment" to "less than the minimum of the amended guideline range," absent circumstances not present here. All three defendants contend that § 1B1.10(b)(2)(A) is invalid because it conflicts with 28 U.S.C. § 991(b) and violates the equal protection component of the Fifth Amendment. Defendants Padilla-Diaz and Heckman, who entered their pleas before the current version of § 1B1.10(b)(2)(A) was promulgated, further contend that the retroactive application of § 1B1.10(b)(2)(A) violates their right to due process. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

## I. Statutory Overview

Congress has given the Sentencing Commission broad authority, set forth in 28 U.S.C. § 994, to promulgate

guidelines, propose amendments, and prescribe the limits of possible sentence reductions.  Section 994(a) authorizes the Commission to promulgate guidelines and general policy statements regarding application of the guidelines.  Section 994(o) provides that the Commission "periodically shall review and revise . . . the guidelines promulgated pursuant to the provisions of this section," and § 994(p) permits the Commission to "submit to Congress amendments to the guidelines," which "shall be accompanied by a statement of the reasons therefor and shall take effect on a date specified by the Commission."  When the Commission exercises its power to reduce a particular guideline range, "it shall specify in what circumstances and by what amount" sentences may be reduced.  28 U.S.C. § 994(u).

On November 1, 2014, the Sentencing Commission promulgated Amendment 782 pursuant to its authority under § 994(o).  Amendment 782 revised the Drug Quantity Table in U.S.S.G. § 2D1.1, effectively lowering the base offense level by two levels for most federal drug offenses.  U.S.S.G. app. C, amend. 782 (2014).   Under Amendment 788, Amendment 782 applies retroactively.  U.S.S.G. app. C, amend. 788 (2014).

A defendant may seek the benefit of Amendment 782 by moving for a sentence reduction under 18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) provides that a defendant may seek a sentence reduction if he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."   A district court may "reduce the term of imprisonment" only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

The "applicable policy statement" at issue in this case is § 1B1.10(b). Section 1B1.10(b)(1) provides that, in determining "whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted," the court "shall determine the amended guideline range that would have been applicable to the defendant if the [relevant] amendment(s) . . . had been in effect at the time the defendant was sentenced." Section 1B1.10(b)(2) further provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. [§] 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," unless the defendant received a downward departure for substantial assistance at his original sentencing. This version of § 1B1.10(b)(2) became effective November 1, 2011. Prior to that time, § 1B1.10(b)(2) had generally permitted courts to reduce sentences to below the amended guideline range if the defendant received a below-guidelines sentence at his original sentencing. *See* U.S.S.G. § 1B1.10(b)(2) (2010).

## II. Factual and Procedural Background

In January 2010, Padilla-Diaz pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine. In February 2011, Heckman pleaded guilty to one count of distribution of methamphetamine. In May 2013, Contreras Guzman pleaded guilty to one count of conspiracy to distribute heroin and methamphetamine and to use communication devices. In their original sentences, each defendant received downward departures or variances that lowered their sentences below the initial guideline range generated by their total offense levels and criminal history categories.

After Amendment 782 was promulgated, Defendants each moved for sentence reductions under § 3582(c)(2). In accordance with § 1B1.10(b)(2)(A), the district courts denied the motions because Defendants' sentences were already at or below the low end of their amended guideline ranges.

Defendants appeal, challenging the validity and application of § 1B1.10(b)(2)(A). The parties agree that, absent the limitation in § 1B1.10(b)(2)(A), each Defendant would have been eligible to receive a lower sentence.

## III.  Standard of Review

We review for abuse of discretion a district court's denial of a sentence reduction motion under 18 U.S.C. § 3582(c)(2). *United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010). A district court abuses its discretion "if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* (internal quotation marks omitted). We review de novo the proper construction of a statute, *Miranda v. Anchondo*, 684 F.3d 844, 849 (9th Cir. 2012), and the constitutionality of the Sentencing Guidelines, *United States v. Kuchinski*, 469 F.3d 853, 857 (9th Cir. 2006).

## IV.  Discussion

Defendants make three arguments on appeal. First, they contend that § 1B1.10(b)(2)(A) is invalid because it conflicts with 28 U.S.C. § 991(b). Second, they contend that § 1B1.10(b)(2)(A) violates the equal protection component of the Fifth Amendment. Third, two of the three defendants contend that even if § 1B1.10(b)(2)(A) is valid, its retroactive

application violates due process. We address each argument in turn.

## A. Conflict with 28 U.S.C. § 991(b)

Defendants contend that § 1B1.10(b)(2)(A) conflicts with 28 U.S.C. § 991(b). Section 991(b) provides that one of the "purposes" of the Commission is to "establish sentencing policies and practices" that "avoid[] unwarranted sentencing disparities among defendants . . . while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors." 28 U.S.C. § 991(b)(1)(B). The government contends that the Ninth Circuit has already rejected an equivalent argument in *United States v. Tercero*, 734 F.3d 979 (9th Cir. 2013).

Like this case, *Tercero* involved an appeal from the denial of a sentence reduction motion under 18 U.S.C. § 3582(c)(2). Tercero received a downward departure at her original sentencing hearing, resulting in a 72-month sentence. *Tercero*, 734 F.3d at 980. When she applied for a sentence reduction based on a retroactive amendment to the crack cocaine guidelines, the district court found that she qualified for a reduction but reduced her sentence by only two months. The district court concluded that it could not depart below 70 months, the low end of Tercero's amended guideline range, because § 1B1.10(b)(2)(A) prohibits reductions "below the low end of the adjusted Guidelines range." *Id.* at 981. We affirmed.

Tercero challenged § 1B1.10(b)(2)(A) on a variety of grounds. *Inter alia*, she contended that § 1B1.10(b)(2)(A) conflicts with "the purpose of the Guidelines . . . to bring about an effective, fair sentencing system, with honest,

uniform and proportionate sentences." *Id.* at 983 (internal quotation marks omitted). Tercero contended that because § 1B1.10(b)(2)(A) "prevent[ed] the district court from revising [Tercero's] sentence to reflect the very minor role she played in the drug conspiracy," it conflicted with the Guidelines' goal of proportionality. *Id.* We rejected this argument, noting that the original sentencing court had considered proportionality when it evaluated the factors set forth in 18 U.S.C. § 3553(a). Because a motion for a sentence reduction under § 3582(c)(2) "does not authorize a sentencing or resentencing proceeding," no further consideration of Tercero's particular circumstances was required. *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 825 (2010)).

Defendants contend that *Tercero* does not foreclose their argument because we did not specifically discuss § 991(b). While their argument is not, strictly speaking, foreclosed, the argument advanced and rejected in *Tercero* was equivalent in material respects to the argument made here. Section 991(b) refers to the goal of "avoiding unwarranted sentencing disparities" among similar offenders while "maintaining sufficient flexibility to permit individualized sentences." This is, in effect, the same as the goal of achieving "honest, uniform and proportionate sentences." *Tercero*, 734 F.3d at 983.

We would reach the same conclusion even without the benefit of *Tercero*. While the Commission's commentary "must give way" if it is at odds with the plain language of a federal statute, *United States v. LaBonte*, 520 U.S. 751, 757 (1997), that is not the case here. Section 991(b) provides that one of the "purposes" of the Commission is to "establish sentencing policies and practices" that "assure the meeting of

the purposes of sentencing as set forth in [18 U.S.C. § 3553(a)(2)]" and "avoid[] unwarranted sentencing disparities among defendants . . . while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors." 28 U.S.C. § 991(b)(1)(A), (B). Defendants argue that § 1B1.10(b)(2)(A) is inconsistent with § 991(b) because it "nullifies departures and variances from the guideline range that were necessary to meet the statutory mandates of achieving a sentence sufficient but not greater than necessary under § 3553(a)."

Defendants' argument has some appeal. Under § 1B1.10(b)(2)(A), defendants who originally had lower sentences may be awarded the same sentences in § 3582(c)(2) proceedings as offenders who originally had higher sentences. That is, sentences that were initially tailored to avoid unwarranted disparities and to account for individualized circumstances will now converge at the low end of the amended guideline range. However, this anomalous result does not create an irreconcilable conflict with § 991(b).

First, § 991(b) is a general statement of the Commission's goals. It is not a specific directive to which all sentencing policies must conform. In contrast to § 991(b), the statutory text that led the Supreme Court to invalidate a Sentencing Commission amendment in *LaBonte* specifically provided that the Commission "shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized" for certain categories of defendants. *LaBonte*, 520 U.S. at 753 (quoting 28 U.S.C. § 994(h)); *see also Tercero*, 734 F.3d at 982 (distinguishing between broad instructions and "the kind of specific language that required

invalidation" in *LaBonte*). There is no such specific directive in § 991(b).

Second, Defendants' argument does not take into account the nature of resentencing proceedings under § 3582(c)(2). Section 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 826. Section 3582(c)(2) "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Id.* at 828. As acts of lenity, such sentence reductions are not constrained by the general policies underlying initial sentencing or even plenary resentencing proceedings. *See United States v. Navarro*, 800 F.3d 1104, 1112 (9th Cir. 2015) ("Simply put, the restrictions and rules associated with sentencing do not carry over to sentence reduction proceedings[.]"); *see also Dillon*, 560 U.S. at 828 (holding that proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt).

## B. Equal Protection

Defendants further contend that § 1B1.10(b)(2)(A) violates the equal protection component of the Fifth Amendment by irrationally denying sentence reductions to offenders who received lower sentences while granting them to those who originally received higher sentences. While § 1B1.10(b)(2)(A) will sometimes produce unequal and arguably unfair results, Defendants have not shown that it fails rational basis review.

Classifications that do not implicate fundamental rights or a suspect class are permissible so long as they are "rationally

related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). Under rational basis review, a classification is valid "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). However, the government "may not rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational." *City of Cleburne*, 473 U.S. at 446. The challenger of a classification bears the burden of "negativ[ing] every conceivable basis which might support it." *Heller v. Doe*, 509 U.S. 312, 320 (1993) (internal quotation marks omitted).

The government advances at least two rational bases for § 1B1.10(b)(2). First, it contends that § 1B1.10(b)(2) makes determining sentence reductions relatively simple. When confronted with a request to reduce a "term of imprisonment" to "less than the minimum of the amended guideline range," the district judge need only ask if the request is based on "substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(A), (B). If the request is based on substantial assistance, the judge may grant the request. If the request is not so based, the judge may not grant it. *See United States v. Davis*, 739 F.3d 1222, 1225 (9th Cir. 2014) ("[T]he Commission sought to avoid undue complexity[.]").

Second, § 1B1.10(b)(2) provides encouragement to defendants to cooperate with the government, given that substantial assistance is the only basis on which a district court may reduce the term of imprisonment below the low end of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(B).

C.  Due Process

Finally, defendants Padilla-Diaz and Heckman contend that applying the current version of § 1B1.10(b) violates due process because they entered into their plea agreements prior to its amendment.  The current version of § 1B1.10(b) applies to Padilla-Diaz and Heckman's motions pursuant to an application note explaining that "the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. [§] 3582(c)(2)."    U.S.S.G. § 1B1.10, cmt. n.8; *see also* U.S.S.G. app. C, amend. 759 (2011) (originally adding current application note 8 as application note 6).

Padilla-Diaz and Heckman emphasize that their plea agreements expressly reserved the right to seek sentence reductions under § 3582(c)(2) for any future retroactive amendments.  At the time of their pleas, their right to seek reductions in their sentences included a right to seek reductions below the low end of the amended guideline range. They argue that retroactive application of the current version of § 1B1.10 upsets their settled expectations and therefore violates their right to due process.

To determine whether a law has retroactive effect, we consider "whether the new provision attaches new legal consequences to events completed before its enactment." *Landgraf v. USI Film Products*, 511 U.S. 244, 270 (1994).  In conducting this inquiry, "familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance." *Id.*  Defendants rely primarily on *INS v. St. Cyr*, 533 U.S. 289 (2001), in which St. Cyr, a citizen of Haiti, pleaded guilty to a deportable offense.  At the time St. Cyr

pleaded guilty, he was eligible to apply for discretionary relief from deportation under § 212(c) of the Immigration and Nationality Act of 1952. *Id.* at 294–95. After his plea, Congress amended the statute and abolished this form of discretionary relief. As a result, St. Cyr faced "certain deportation." *Id.* at 325. St. Cyr's habeas petition alleged that retroactive application of the repeal impermissibly undercut his settled expectation, at the time of his plea, that he would be eligible for relief under § 212(c). The Supreme Court agreed, concluding that application of the new statute "impose[d] an impermissible retroactive effect on aliens who, in reliance on the possibility of § 212(c) relief, pleaded guilty to aggravated felonies." *Id.* at 315.

The reasoning of *St. Cyr* does not apply here. The discretionary waiver under § 212(c), upon which St. Cyr relied, already existed when he pleaded guilty. By contrast, Amendment 782, which provides the basis for Defendants' motions, was promulgated after their pleas. Amendment 782 provides a basis for sentence reductions, but is governed by limitations on such reductions. Because of the limitations, Defendants receive no benefit from Amendment 782. But their failure to receive such benefit is not, as in *St. Cyr*, the result of a retroactive deprivation of a pre-existing benefit. Rather, it is the result of a prospective grant of a limited benefit. *See Tercero*, 734 F.3d at 980–81; *see also United States v. Erskine*, 717 F.3d 131, 134 (2d Cir. 2013) (granting a limited reduction).

## Conclusion

Because § 1B1.10(b)(2)(A) does not impermissibly conflict with § 991(b) and Defendants have not shown that § 1B1.10(b)(2)(A) violates equal protection or due process,

we affirm the district courts' denials of Defendants' motions for sentence reductions.

**AFFIRMED.**