**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-30225 |
| Plaintiff-Appellee, | D.C. No. 9:11-cr-00049-DWM |
| v. | |
| JOSHUA REED LEWIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Joshua Reed Lewis appeals from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo whether a district court

had authority to modify a sentence under section 3582(c)(2), *see United States v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

Lewis contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. The district court correctly concluded that Lewis is ineligible for a sentence reduction because his sentence is already below the minimum of the amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."). Contrary to Lewis's contention, the application of section 1B1.10(b)(2)(A) to his case does not violate the Ex Post Facto Clause. *See United States v. Waters*, 771 F.3d 679, 680-81 (9th Cir. 2014); *see also United States v. Ornelas*, 825 F.3d 548, 555 n.9 (9th Cir. 2016) (relying on *Waters* to reject Ex Post Facto claim). Lewis's remaining constitutional and statutory challenges to section 1B1.10(b)(2) are foreclosed. *See United States v. Padilla-Diaz*, 862 F.3d 856, 860-63 (9th Cir. 2017) (section 1B1.10(b)(2) does not violate a defendant's right to equal protection or due process, or impermissibly conflict with 28 U.S.C. § 991(b)); *United States v. Davis*, 739 F.3d 1222, 1226 (9th Cir. 2014) (section 1B1.10(b)(2) does not violate separation of powers).

**AFFIRMED.**