NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30241 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00010-DLC-1 |
| v. | |
| CURTIS DION EARLEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted December 11, 2019[**]
Seattle, Washington

Before: GRABER and GOULD, Circuit Judges, and EZRA,[***] District Judge.

Curtis Dion Earley appeals the district court's enhancement of his sentence

under United States Sentencing Guidelines Section 2K2.1(b)(4), Application Note

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

8(B).  Earley argues that the Note violates the Due Process Clause of the Fifth Amendment.  Reviewing *de novo*, *United States v. Padilla-Diaz*, 862 F.3d 856, 860 (9th Cir. 2017), we affirm.

We conclude that this case is controlled by *United States v. Prien-Pinto*, 917 F.3d 1155 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 172 (2019), and *Stinson v. United States*, 508 U.S. 36 (1993).  In *Stinson*, the Court held that the Application Notes to the Sentencing Guidelines are authoritative "unless [they] violate[] the Constitution or a federal statute, or [are] inconsistent with, or [are] a plainly erroneous reading of, [a] guideline."  508 U.S. at 38.

Application Note 8(B) does not violate the Fifth Amendment's Due Process Clause.  A regulation may impose strict criminal liability without violating the Fifth Amendment's Due Process Clause if the regulation is in the interest of public safety.  *Prien-Pinto*, 917 F.3d at 1158 (citing *United States v. Freed*, 401 U.S. 601, 607–09 (1971)).  Here, like the Guideline's omission of a *mens rea*, *United States v. Goodell*, 990 F.2d 497, 499–500 (9th Cir. 1993), Application Note 8(B)'s imposition of strict liability does not violate the Due Process Clause because the enhancement is "rationally related to the goal of crime prevention," *Prien-Pinto*, 917 F.3d at 1158, 1161.

Application Note 8(B) does not contradict any statute, including 18 U.S.C. § 922(j) and its surrounding framework, *United States v. Ellsworth*, 456 F.3d 1146,

1150–51 (9th Cir. 2006), and Note 8(B) is a reasonable reading of Section 2K2.1(4)(b), *Prien-Pinto*, 917 F.3d at 1158. The Note is due "controlling weight." *Stinson*, 508 U.S. at 45 (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945)).

**AFFIRMED**.