**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NEVADA RESTAURANT SERVICES, INC., DBA Dotty's,

Plaintiff-Appellant,

v.

CLARK COUNTY,

Defendant-Appellee.

No.  18-15507

D.C. No. 2:16-cv-00238-GMN-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted June 4, 2019
Seattle, Washington

Before:  D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

Plaintiff-Appellant Nevada Restaurant Services, Inc. doing business as

Dotty's (Dotty's) appeals the district court's order granting summary judgment in

favor of Defendant-Appellee Clark County (Clark County).  We have jurisdiction

pursuant to 28 U.S.C. § 1291.  "We review the district court's grant of summary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

judgment *de novo*, asking whether the moving party has met its burden to prove the absence of genuine issues of material fact. . . ." *ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 413 (9th Cir. 2018), *as amended* (citation omitted).

**1.** The district court correctly concluded that Dotty's failed to raise a material issue of fact regarding its procedural due process claim. Specifically, Dotty's failed to raise a material issue of fact regarding the existence of a "constitutionally protected liberty or property interest." *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1147 (9th Cir. 2018) (citation omitted). Obtaining a license to engage in the "operation of [a] gambling facility" in Clark County is a "privilege" and is "subject to regulations." Clark County Code of Ordinances (CCC) § 8.04.020(A). Under Clark County's regulatory scheme, the County possesses "broad final discretion in all licensing matters" and may "grant or deny applications for licenses" and "impose conditions, limitations and restrictions upon a license." *Id*. § 8.04.020(C).

The wide latitude afforded the County to impose conditions or restrictions, coupled with the fact that the licenses were not revoked, persuades us that Dotty's did not raise a material issue of fact regarding its asserted property interest. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) ("Our cases recognize that a benefit is not a protected entitlement if government officials may

2

grant or deny it in their discretion."); *see also Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008) ("Only if the governing statute compels a result upon compliance with certain criteria, *none of which involve the exercise of discretion by the reviewing body*, does it create a constitutionally protected property interest. . . . ") (citations and internal quotation marks omitted) (emphasis added).

The contention that Dotty's established a cognizable property interest through reliance on correspondence from the Director of Business License fails. The Director's interpretation of the ordinance was not binding on the Clark County Commissioners who enacted the ordinance. *See* CCC § 2.03.020(g) (providing that the Department of Business License *enforces* the ordinances adopted by the County Commissioners); *see also Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1035 (9th Cir. 2006) (relying on municipality's adopted amendments as the "authoritative interpretation").

**2.** Summary judgment was also properly entered on the substantive due process and equal protection claims. The parties agree that rational basis review applies to these claims. Clark County articulated a legitimate economic interest for enacting the challenged ordinance, based on its concern that restricted licensees such as Dotty's were engaged in unfair competition and, consequently, were paying proportionally less taxes. *See United States v. Padilla-Diaz*, 862 F.3d 856,

3

862 (9th Cir. 2017) ("Classifications that do not implicate fundamental rights or a suspect class are permissible so long as they are rationally related to a legitimate state interest. . . .") (citation and internal quotation marks omitted).

**3.** Finally, the district court did not abuse its discretion in denying the request to reopen discovery. *See Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 808-09 (9th Cir. 2019) (articulating the standard of review). Because Dotty's failed to raise a material issue of fact regarding a protected property interest, any new evidence regarding the purported disparate treatment aimed at Dotty's would not affect the inability to raise a material issue of fact regarding this pivotal issue. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised. . . .").

**AFFIRMED**.