NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTIAGO VAZQUEZ,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>MARTHA LEE WALTERS, Chief Justice of the Oregon Supreme Court; THOMAS A. BALMER; CHRISTOPHER L. GARRETT; ROGER J. DEHOOG, Justice of the Oregon Supreme Court; MEAGAN A. FLYNN; REBECCA DUNCAN; ADRIENNE NELSON, Associate Justices of the Oregon Supreme Court, each sued in their official capacities,<br><br>    Defendants-Appellees. | No. 21-35759<br><br>D.C. No. 3:20-cv-01761-HZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted April 17, 2023[**]

Before:   CLIFTON, R. NELSON, and BRESS, Circuit Judges.

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Santiago Vazquez appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging an equal protection violation in connection with the temporary rules governing admission to the Oregon bar in 2020. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). We affirm.

The district court properly granted summary judgment because Vazquez failed to raise a genuine dispute of material fact as to whether the classification scheme in question was not rationally related to a legitimate state interest. *See United States v. Padilla-Diaz*, 862 F.3d 856, 862 (9th Cir. 2017) (explaining rational bases review and recognizing that the challenger of a classification bears the burden of "negativing every conceivable basis which might support it" (citation omitted and alteration adopted)); *see also Gallinger v. Becerra*, 898 F.3d 1012, 1018 (9th Cir. 2018) (explaining that "classifications that are to some extent both underinclusive and overinclusive" may be upheld under rational-basis review (citation omitted)).

The district court did not abuse its discretion by denying Vazquez's motion for leave to file a supplemental complaint because Vazquez's proposed complaint failed to allege facts sufficient to state a plausible First Amendment retaliation claim. *See Capp v. County of San Diego*, 940 F.3d 1046, 1053-58 (9th Cir. 2019) (setting forth elements of a First Amendment retaliation claim and explaining that

21-35759

a plaintiff must plausibly allege that retaliation was the but-for motive for defendants' actions); *see also id.* at 1055 (recognizing that an allegation is not plausible where there is an "obvious alternative explanation" for alleged misconduct (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009)); *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (standard of review).

Defendants' motion to substitute party (Docket Entry No. 26) is granted.

**AFFIRMED.**