**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOE STEPHENS, | No. 22-35707 |
| Plaintiff-Appellant, | D.C. No. 1:21-cv-00018-RRB |
| v. | |
| STATE OF ALASKA, Alaska Division of Elections, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted June 26, 2023[**]

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Joe Stephens appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging violations of the First and Fourteenth

Amendments in connection with Alaska's refusal to include his middle name as his

nickname on the ballot.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). We affirm.

The district court properly dismissed Stephens's First Amendment claim because Stephens failed to allege facts sufficient to show that the denial of his request to have his middle name appear as a nickname on the ballot was not justified by the important state interest of facilitating fairness, simplicity, and clarity in the voting procedure. *See Rubin v. City of Santa Monica*, 308 F.3d 1008, 1017-19 (9th Cir. 2002) (applying balancing test and concluding that limitation on a candidate's status designation on a ballot was constitutional because it did not impose a severe burden on candidate's free speech right and was reasonably related to the legitimate goal of achieving a straightforward, neutral, non-confusing ballot); *see also Lindsay v. Bowen*, 750 F.3d 1061, 1063-64 (9th Cir. 2014) (explaining that there is no "right to use the ballot itself to send a particularized message" (citations and internal quotation marks omitted)).

The district court properly dismissed Stephen's equal protection claim because Stephens failed to allege facts sufficient to show that he was subject to disparate treatment or that the refusal to permit his middle name to appear as a nickname on the ballot was not rationally related to a legitimate governmental purpose. *See United States v. Padilla-Diaz*, 862 F.3d 856, 862 (9th Cir. 2017) (explaining that under rational basis review, the challenger of a classification bears

2 <span>22-35707</span>

the burden of "negativing every conceivable basis which might support it" (citation omitted and alteration adopted)); *Van Susteren v. Jones*, 331 F.3d 1024, 1027 (9th Cir. 2003) (to prevail on an equal protection claim, a plaintiff must show that he has been treated differently from others similarly situated); *Rubin*, 308 F.3d at 1019 (applying rational basis review because challenged election restriction did not unconstitutionally burden the right to free speech). We reject as without merit Stephens's contention that the district court should not have treated his equal protection claim as a class-of-one claim because he is a member of a large group of individuals who share his political views.

The district court did not abuse its discretion in denying as premature Stephens's motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing trial court's broad discretion to deny discovery).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**