NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10105 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-00730-WHA-2 |
| v. | |
| MARVIN CARCAMO, AKA Cyco, AKA Psycho, AKA Syco, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted August 14, 2023[**]
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and ANTOON,[***] District
Judge.

Marvin Carcamo appeals the amended judgment entered by the district court

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

after he was resentenced following vacatur of one of his four convictions.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo a district court's interpretation of the Sentencing Guidelines, and we review for clear error its factual findings."  *United States v. Reyes*, 772 F.3d 1152, 1157 (9th Cir. 2014).  "Thus, we review for clear error the district court's finding that it was reasonably foreseeable to" Carcamo that fellow MS-13 gang members would murder rival gang members, suspected rival gang members, and others.  *Id.*  "A district court's finding that a defendant was 'an organizer or leader' [under USSG § 3B1.1(a)] is [also] reviewed for clear error."  *United States v. Avila*, 95 F.3d 887, 889 (9th Cir. 1996).  Under this standard, "[s]o long as the district court's view of the evidence is plausible in light of the record viewed in its entirety, it cannot be clearly erroneous, even if the reviewing court would have weighed the evidence differently had it sat as the trier of fact."  *Reyes*, 772 F.3d at 1157 (alteration in original) (quoting *United States v. Gust*, 405 F.3d 797, 799 (9th Cir. 2005)).

1.     The Government waived its waiver argument by not raising it during the resentencing proceedings in the district court.  *See, e.g.*, *United States v. Tercero*, 734 F.3d 979, 981 (9th Cir. 2013).  We therefore will address the merits of Carcamo's challenges to the district court's Guidelines calculation.

2.     The district court did not clearly err in concluding that five 2008

2

murders by Carcamo's fellow gang members were reasonably foreseeable to him. The district court did not, as argued by Carcamo, rely on his "mere membership" in the gang. Instead, consistent with the commentary to USSG § 1B1.3, the court "determine[d] the scope of the criminal activity" that Carcamo in particular "agreed to jointly undertake." Thus, the 2008 murders—any one of which was sufficient for Carcamo to score a total offense level of 43—were appropriately included as underlying racketeering activity in the scoring of Count One.

3. We also find no clear error in the district court's finding that Carcamo was an "organizer or leader" under USSG § 3B1.1(a) at the time of the murders even though he was then in immigration custody. Carcamo does not dispute that he was one of the two "on the street" leaders of the gang during 2007, and the Government presented evidence of his continued leadership role during the March–July 2008 period during which the murders were committed. For example, other gang members testified at trial regarding Carcamo's role in coaching the new leader after Carcamo was arrested. Additionally, in a transcribed phone call just three weeks before the first two murders, the new leader told Carcamo that he was "[f]ollowing [Carcamo's] lead," and Carcamo informed the leader of new recruits for the gang and promised to call him at least three times a week. In light of this evidence, the district properly applied the four-level "role in the offense" increase under § 3B1.1(a) for being an "organizer or leader."

4.	Finally, even if the district court erred in its Guidelines calculation on Count One in either or both of the ways asserted by Carcamo here, any error was harmless because it did not affect Carcamo's Guidelines range.  If the score on Count One had been lower than 43, Count Two still would have scored 43 and would have been determinative of the offense level of the three grouped counts. Carcamo's Guidelines range still would have been life, and any error thus would have been harmless.  *See, e.g.*, *United States v. Perez*, 962 F.3d 420, 450–51 (9th Cir. 2020).

**AFFIRMED.**