**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2958 |
| Plaintiff - Appellee, | D.C. No. 4:20-cr-00049-BMM-1 |
| v. | |
| CHRISTOPHER MICHAEL STEBBINS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted March 26, 2025[**]
Seattle, Washington

Before: McKEOWN, GOULD, and OWENS, Circuit Judges.

Christopher Michael Stebbins appeals from the district court's denial of his

motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821

to the United States Sentencing Guidelines. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo both the district court's "interpretation and application

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the Sentencing Guidelines" and "determination that it does not have the authority to reduce a sentence." *United States v. D.M.*, 869 F.3d 1133, 1138 (9th Cir. 2017) (citations omitted). As the parties are familiar with the facts, we do not recount them here. We affirm.

Stebbins's original sentence is below the low end of his amended guideline range, and he did not provide substantial assistance. Accordingly, he is not eligible for a reduction in sentence under United States Sentencing Guidelines Section 1B1.10(b)(2)(A), which provides, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range" unless the exception for substantial assistance applies. U.S.S.G. § 1B1.10(b)(2)(A); *see also United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019) (noting a defendant's eligibility for a sentence reduction is decided by determining "whether a reduction is consistent with U.S. Sentencing Guidelines Manual § 1B1.10, the policy statement that implements § 3582(c)(2)").

Stebbins's challenges to Section 1B1.10(b)(2)(A) also are unpersuasive. As an initial matter, in *United States v. Tercero*, 734 F.3d 979, 983 (9th Cir. 2013), we held that the amendment of Section 1B1.10 "does not affect" the two-step process mandated by *Dillon v. United States*, 560 U.S. 817 (2010). Stebbins's argument that *Dillon* is not binding is therefore foreclosed.

There is no conflict between Section 1B1.10(b)(2)(A) and Section 5K1.2 because the provisions relate to different proceedings—Section 5K1.2 concerns sentencing, while Section 1B.10(b) concerns sentence modifications. *See* U.S.S.G. § 5K1.2 ("A defendant's refusal to assist authorities in the investigation of other persons may not be considered as an aggravating *sentencing* factor." (emphasis added)). The sentencing court already sentenced Stebbins and did not consider his refusal to assist authorities as an aggravating sentencing factor. Because a sentence modification proceeding under § 3582(c)(2) is an act of congressional lenity, it is "not constrained by the general policies underlying initial sentencing or even plenary resentencing proceedings." *United States v. Padilla-Diaz*, 862 F.3d 856, 861 (9th Cir. 2017); *see also United States v. Navarro*, 800 F.3d 1104, 1112 (9th Cir. 2015) ("[T]he restrictions and rules associated with sentencing do not carry over to sentence reduction proceedings, which are instead governed by their own set of rules."). Thus, Section 5K1.2 plays no role in proceedings under § 3482(c)(2).

Moreover, the fact that Stebbins cannot benefit from a congressional act of lenity because he is already serving a below-the-guideline range sentence does not mean he is being "punished." As the district court noted, not receiving a benefit "does not amount to a punishment."

Section 1B1.10(b)(2)(A)'s limitation on when a sentence may be reduced does not implicate the Sixth Amendment right to a jury trial. *See Dillon*, 560 U.S. at 828 ("[T]he sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled" and "do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt"). Accordingly, it does not violate the right to trial. Moreover, Stebbins has already exercised his Sixth Amendment right to a jury trial—there has been no constitutional deprivation of that right.

We have already rejected an equal protection challenge to Section 1B1.10(b)(2)(A). *See Padilla-Diaz*, 862 F.3d at 862. In *Padilla-Diaz*, we concluded that "[w]hile § 1B1.10(b)(2)(A) will sometimes produce unequal and arguably unfair results, Defendants have not shown that it fails rational basis review." *Id.* Similarly, here, Stebbins does not show why Section 1B1.10(b)(2)'s differential treatment between those who have provided substantial assistance with those who have not fails rational basis review.

Finally, there is no conflict between Section 1B1.10(b)(2)(A) and 18 U.S.C. § 3553(a), which are factors a court must consider in imposing a sentence. As noted, "rules associated with sentencing" are generally not applicable in sentence modification proceedings. *Navarro*, 800 F.3d at 1112. Moreover, Stebbins does not contend the sentencing court did not consider the § 3553(a) factors during his

original sentencing. *See Tercero*, 734 F.3d at 983 (rejecting the argument that Section 1B1.10 conflicts with the Guidelines' purpose and noting the sentencing court "*did* consider the sentencing factors set forth in § 3553(a)" when it "originally sentenced" the defendant (emphasis in original)). And for a motion for a reduction in sentence, a court's consideration of the § 3553(a) sentencing factors is triggered only after the court finds that a defendant is eligible for a reduction in sentence. *See id.*

In sum, the district court properly denied Stebbins's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Guidelines.

**AFFIRMED.**